IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENNIS WARD MCFADDEN;
MARCIA-ANN WILLARDSON,

      Plaintiffs,                          No. 2:10-cv-03004 JAM KJN PS

   v.

DEUTSCHE BANK NATIONAL
TRUST COMPANY, as Trustee, in
trust for the registered holders of
ARGENT SECURITIES Inc., Asset
backed Pass through Certificates,
Series 2003-W6, et al.,

      Defendants.                          <u>ORDER</u>

_____/

        On November 10, 2010, plaintiffs filed an Amended Verified Complaint ("Amended Complaint") in this action.[1]  (Dkt. No. 5.)  Several motions are pending before this court.

        On December 7, 2010, defendant Citi Residential Lending, Inc. filed a motion to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Dkt. No. 15.)  Also on December 7, 2010, defendants Fidelity National Title Company and Default

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1  Resolution Network Division filed a motion to dismiss plaintiff's Amended Complaint pursuant
2  to Federal Rule of Civil Procedure 12(b)(6).  (Dkt. No. 16.)
3     On December 6, 2010, defendants Robert J. Jackson & Associates, Inc. and David
4  J. Boyer filed a special motion to strike plaintiff's "Complaint"[2] pursuant to California's Anti-
5  SLAPP provision, Cal. Civ. Proc. Code. § 425.16, and to dismiss plaintiff's "Complaint"
6  pursuant to Federal Rule of Civil Procedure 12(b)(6).[3]  (Dkt. No. 13.)  However, on
7  December 10, 2010, defendants Robert J. Jackson & Associates, Inc. and David J. Boyer, as well
8  as several additional defendants named in this action, filed another notice of motion and motion,
9  which was subsequently amended, which moves to dismiss plaintiff's Amended Complaint
10 pursuant to Federal Rule of Civil Procedure 12(b)(6) and seeks a more definite statement
11 pursuant to Federal Rule of Civil Procedure 12(e).  (Dkt. No. 18, 19.)  It is not entirely clear
12 whether defendants Robert J. Jackson & Associates, Inc. and David J. Boyer intend the amended
13 motion, which does not seek relief under California's Anti-SLAPP statute, to supersede their
14 motion filed on December 6, 2010.[4]  In any event, that question need not be answered in this
15 order.  All of these motions (Dkt. Nos. 13, 15, 16, 18, 19), collectively referred to herein as "the
16 Pending Motions," are presently set for a hearing before the undersigned to take place on
17 January 13, 2011.
18    Pursuant to this court's Local Rules, plaintiffs were obligated to file and serve

---

[2] It is unclear from these defendants' notice of motions whether they intend to move to specially strike and dismiss plaintiffs' original complaint or their Amended Complaint.

[3] The acronym "SLAPP" stands for "strategic lawsuit against public participation." Jarrow Formulas, Inc. v. La Marche, 31 Cal. 4th 728, 732 n.1, 74 P.3d 737, 739 n.1 (2003).

[4] The amended notice of motion indicates that it relies, in part, on the "files and records in this action" related to the previously filed Anti-SLAPP motion.  The undersigned presumes that defendants Robert J. Jackson & Associates, Inc. and David J. Boyer intend their Anti-SLAPP motion to proceed and that they have filed an additional motion to dismiss.  Accordingly, plaintiff shall respond to both motions in which defendants Robert J. Jackson & Associates, Inc. and David J. Boyer are among the moving parties, i.e., the Anti-SLAPP motion filed on December 6, 2010, and the subsequently filed motion to dismiss (Dkt. Nos. 13, 18, 19).

written oppositions or statements of non-opposition to the Pending Motions at least fourteen days prior to the hearing date, or December 30, 2010.  See E. Dist. Local Rule 230(c).[5]  The court's docket reveals that plaintiffs, who are proceeding without counsel, failed to file written oppositions or statements of non-opposition with respect to the Pending Motions.

Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.  All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona.  Failure to comply therewith may be ground for dismissal . . . or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").  Case law is in accord that a district court may impose sanctions, *including involuntary dismissal of a plaintiff's case* pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules.[6]

---

[5] Eastern District Local Rule 230(c) provides:

> **(c) Opposition and Non-Opposition.**  Opposition, if any, to the granting of the motion shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed (or continued) hearing date.  A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question.  No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party. . . .

[6] The Ninth Circuit Court of Appeals had held that under certain circumstances a district court does not abuse its discretion by dismissing a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b) for failing to file an opposition to a motion to dismiss.  See, e.g., Trice v. Clark County Sch. Dist., 376 Fed. Appx. 789, 790 (9th Cir. 2010).

See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal).

In light of the foregoing, IT IS HEREBY ORDERED that:

1. The hearing on the Pending Motions (Dkt. Nos. 13, 15, 16, 18, 19), which is presently set for January 13, 2011, is continued until February 24, 2011.

2. Plaintiffs shall file written oppositions to the Pending Motions, or statements of non-opposition to the granting of the Pending Motions, on or before January 20, 2011. *Plaintiffs' failure to file written oppositions will be deemed to be statements of non-opposition to the Pending Motions and consent to the granting of those Pending Motions, and shall constitute an additional ground for the imposition of appropriate sanctions, including a recommendation that plaintiffs' case be involuntarily dismissed pursuant to Federal Rule of Civil Procedure 41(b).*

////

////

////

////

3.      The various moving defendants may file written replies to plaintiffs' oppositions, if any, on or before February 3, 2011.

IT IS SO ORDERED.

DATED: January 4, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE