1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DENNIS WARD MCFADDEN;
     MARCIA-ANN: WILLARDSON,
11
                 Plaintiff,              No. 2:10-cv-03004 JAM KJN PS
12
           v.
13
     DEUTSCHE BANK NATIONAL
14   TRUST COMPANY, as Trustee, in
     trust for the registered holders of
15   ARGENT SECURITIES Inc., Asset
     backed Pass through Certificates,
16   Series 2003-W6, et al.,

17              Defendant.              ORDER TO SHOW CAUSE
     _____/
18

19         On October 7, 2011, all of the named defendants were dismissed from this case

20   with prejudice except for the following defendants: (1) Stephanie Alonzo, who is alleged to be an

21   "agent" of now-dismissed, former defendant Fidelity National Title Company;[1] (2) Natalie Gold,

22   who is alleged to be an "agent" of now-dismissed, former defendant Default Resolution

23   Network;[2] and (3) Olympus Mortgage Company ("Olympus"), an entity which plaintiffs allege

24   _____

25         [1] (See First Am. Compl. at 4, ¶ g.)

26         [2] (See First Am. Compl. at 5, ¶ k, Dkt. No. 5.)

                                          1

1   cannot be located.[3]  (See Order, Oct. 7, 2011, Dkt. No. 50.)[4]  None of these defendants has

2   appeared in this case.

3        Plaintiffs have taken no recent steps to pursue their claims against any of the

4   remaining defendants.  As to Olympus, plaintiffs have apparently taken no action at all.  In

5   regards to Alonzo and Gold, plaintiff's obtained a clerk's entry of default on a dubious, if not

6   deficient, showing of service of process, but have taken no subsequent action.  (See Clerk's Entry

7   of Cert. of Default, July 13, 2011, Dkt. Nos. 44; see also Req. for Entry of Default, Dkt. No. 42.)

8   Accordingly, the undersigned orders plaintiffs to show cause why Alonzo, Gold, and Olympus

9   should not be dismissed from this action and this case be closed, as more specifically provided

10  below.  Alternatively, plaintiffs may file a notice of voluntary dismissal pursuant to Federal Rule

11  of Civil Procedure 41(a)(1)(A)(i) if they no longer intend to pursue their claims against the

12  remaining named defendants.

13        Accordingly, IT IS HEREBY ORDERED that:

14        1.    On or before May 10, 2012, plaintiffs shall show good cause in writing

15  why defendants Stephanie Alonzo, Natalie Gold, and Olympus Mortgage Company should not be

16  dismissed from this action, and why this case should not be closed, due to plaintiffs' failure to

17  prosecute the action.  See Fed. R. Civ. P. 41(b).[5]  Plaintiffs' writing shall also specifically address

18

19        [3]  (See First Am. Compl. at 3, ¶ d.)

20        [4]  This action proceeds before the undersigned pursuant to Eastern District of California
    Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

21

22        [5]  Federal Rule of Civil Procedure 41(b) provides, in relevant part: **"(b) Involuntary
    Dismissal; Effect.**  If the plaintiff fails to prosecute or to comply with these rules or a court order,
    a defendant may move to dismiss the action or any claim against it."  Pursuant to Federal Rule of

23  Civil Procedure 41(b), a district court may act on its own accord to dismiss an action for failure to
    prosecute the action, failure to comply with the Federal Rules of Civil Procedure, failure to comply

24  with the court's local rules, or failure to comply with the court's orders.  See, e.g., Chambers v.
    NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit

25  for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689
    (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil

26  Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil

1  why Alonzo and Gold should not be dismissed from this action for the same reasons that

2  supported the previous dismissal of the entity defendants for whom plaintiffs allege Alonzo and

3  Gold, respectively, are agents.

4          2.      Plaintiffs' failure to timely file the required writing shall constitute an

5  additional ground, and plaintiffs' consent to, the dismissal of this action with prejudice.

6          IT IS SO ORDERED.

7  DATED:  April 10, 2012

8

9                                              _____
                                               KENDALL J. NEWMAN
10                                             UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25  procedure or the court's orders); Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002)
    (affirming district court's dismissal of case for failure to prosecute when habeas petitioner failed to
26  file a first amended petition), cert. denied, 538 U.S. 909 (2003).