IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENNIS WARD MCFADDEN;
MARCIA-ANN: WILLARDSON,

        Plaintiff,                           No. 2:10-cv-03004 JAM KJN PS

    v.

DEUTSCHE BANK NATIONAL
TRUST COMPANY, as Trustee, in
trust for the registered holders of
ARGENT SECURITIES Inc., Asset
backed Pass through Certificates,
Series 2003-W6, et al.,

        Defendant.                   ORDER TO SHOW CAUSE
_____/

        On October 7, 2011, all of the named defendants were dismissed from this case with prejudice except for the following defendants: (1) Stephanie Alonzo, who is alleged to be an "agent" of now-dismissed, former defendant Fidelity National Title Company;[1] (2) Natalie Gold, who is alleged to be an "agent" of now-dismissed, former defendant Default Resolution Network;[2] and (3) Olympus Mortgage Company ("Olympus"), an entity which plaintiffs allege

---

[1] (See First Am. Compl. at 4, ¶ g.)

[2] (See First Am. Compl. at 5, ¶ k, Dkt. No. 5.)

1

cannot be located.[3]  (See Order, Oct. 7, 2011, Dkt. No. 50.)[4]  None of these defendants has appeared in this case.

Plaintiffs have taken no recent steps to pursue their claims against any of the remaining defendants.  As to Olympus, plaintiffs have apparently taken no action at all.  In regards to Alonzo and Gold, plaintiff's obtained a clerk's entry of default on a dubious, if not deficient, showing of service of process, but have taken no subsequent action.  (See Clerk's Entry of Cert. of Default, July 13, 2011, Dkt. Nos. 44; see also Req. for Entry of Default, Dkt. No. 42.)  Accordingly, the undersigned orders plaintiffs to show cause why Alonzo, Gold, and Olympus should not be dismissed from this action and this case be closed, as more specifically provided below.  Alternatively, plaintiffs may file a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) if they no longer intend to pursue their claims against the remaining named defendants.

Accordingly, IT IS HEREBY ORDERED that:

1.  On or before May 10, 2012, plaintiffs shall show good cause in writing why defendants Stephanie Alonzo, Natalie Gold, and Olympus Mortgage Company should not be dismissed from this action, and why this case should not be closed, due to plaintiffs' failure to prosecute the action.  See Fed. R. Civ. P. 41(b).[5]  Plaintiffs' writing shall also specifically address

---

[3]  (See First Am. Compl. at 3, ¶ d.)

[4]  This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

[5]  Federal Rule of Civil Procedure 41(b) provides, in relevant part: "**(b) Involuntary Dismissal; Effect.**  If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Pursuant to Federal Rule of Civil Procedure 41(b), a district court may act on its own accord to dismiss an action for failure to prosecute the action, failure to comply with the Federal Rules of Civil Procedure, failure to comply with the court's local rules, or failure to comply with the court's orders.  See, e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil

why Alonzo and Gold should not be dismissed from this action for the same reasons that supported the previous dismissal of the entity defendants for whom plaintiffs allege Alonzo and Gold, respectively, are agents.

    2.    Plaintiffs' failure to timely file the required writing shall constitute an additional ground, and plaintiffs' consent to, the dismissal of this action with prejudice.

IT IS SO ORDERED.

DATED: April 10, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

procedure or the court's orders); Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002) (affirming district court's dismissal of case for failure to prosecute when habeas petitioner failed to file a first amended petition), cert. denied, 538 U.S. 909 (2003).