IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENNIS WARD MCFADDEN, et al.,

    Plaintiffs,                      No. 2:10-cv-03004 JAM KJN PS

    v.

DEUTSCHE BANK NATIONAL
TRUST COMPANY, et al.,

    Defendants.               FINDINGS AND RECOMMENDATIONS

/

        On October 7, 2011, the court dismissed all of plaintiff's claims alleged against numerous defendants who appeared in this foreclosure-related case and moved to dismiss or specially strike plaintiff's Amended Complaint.[1] (Order, Oct. 7, 2011, Dkt. No. 50.) After entry of that order, the only named defendants remaining in this case were Stephanie Alonzo, Natalie Gold, and Olympus Mortgage Company ("Olympus"). By these findings and recommendations, the undersigned recommends that: (1) plaintiffs' recently filed motion for default judgment be denied; (2) Alonzo, Gold, and Olympus be dismissed from this case with prejudice; and (3) this case be closed.

////

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

I.     BACKGROUND

Alonzo and Gold are alleged to have been agents or employees of now-dismissed defendants Fidelity National Title Company ("Fidelity") and Default Resolution Network Division, respectively. Plaintiffs sued Alonzo and Gold for acts performed by them as employees or agents for their principals or employers. (See Am. Compl. at 1, 4(¶ g), 5(¶ k) & ¶¶ 32, 39, Dkt. No. 5.) It appears that plaintiffs effectuated service of their Amended Complaint on Alonzo and Gold on November 16, 2010 (Dkt. No. 11), that Alonzo and Gold failed to appear and respond to the Amended Complaint, and that a clerk's entry of default was entered as to Alonzo and Gold on July 13, 2011 (Dkt. No. 44).

As to Olympus, plaintiffs never served Olympus with a summons and complaint, and plaintiffs have not obtained a clerk's entry of default as to Olympus. Indeed, plaintiffs allege that they cannot locate Olympus, and characterize Olympus as possibly being a "defunct organization." (Am. Compl. at 3 (¶ d).) The Clerk of Court declined to enter Olympus's default on July 13, 2011 (Dkt. No. 43).

After the court dismissed most of the named defendants with prejudice in October 2011, plaintiffs took no action in regards to Alonzo, Gold, or Olympus. On April 11, 2012, and in light of plaintiffs' failure to act in this case for over six months, the court ordered plaintiffs to show cause why "defendants Stephanie Alonzo, Natalie Gold, and Olympus Mortgage Company should not be dismissed from this action, and why this case should not be closed, due to plaintiffs' failure to prosecute the action." (Order to Show Cause ("OSC"), Apr. 11, 2012, at 2, Dkt. No. 51.) The court also ordered plaintiffs to "address why Alonzo and Gold should not be dismissed from this action for the same reasons that supported the previous dismissal of the entity defendants for whom plaintiffs allege Alonzo and Gold, respectively, are agents." (Id. at 2-3.)

Plaintiffs filed a timely response to the OSC (Dkt. No. 52). Plaintiffs' response does not directly respond to the OSC, but, instead, the "response" predominantly consists of a

motion for default judgment as to Alonzo, Gold, and Olympus.

II.    DISCUSSION

In regards to Alonzo and Gold, plaintiffs sued Alonzo and Gold for their acts or omissions as agents or employees of now-dismissed defendants Fidelity and Default Resolution Network Division, respectively.  The court already determined that all of the claims against Alonzo's and Gold's principals or employers lacked merit, and dismissed the claims against Fidelity and Default Resolution Network Division with prejudice.[2]  Although Alonzo and Gold have not appeared in this case, the undersigned recommends that Alonzo and Gold be dismissed from this case with prejudice because their alleged liability in this case rises and falls with that of Fidelity and Default Resolution Network Division.  See Abagninin v. AMVAC Chem. Corp., 545 F.3d 733, 742-43 (9th Cir. 2008) (stating that a court may dismiss non-appearing defendants with prejudice on the basis of facts and arguments presented by other defendants which had appeared) (citations omitted); Silverton v. Dep't of Treasury of U.S., 644 F.2d 1341, 1345 (9th Cir. 1981) ("A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related."); accord Guerrero v. Greenpoint Mortgage Funding, Inc., 403 Fed. Appx. 154, 157 (9th Cir. 2010) (affirming dismissal of non-appearing defendant in foreclosure-related case on the basis of deficiencies in the complaint raised by other parties).  Nothing in the Amended Complaint differentiates Alonzo's liability from Fidelity's liability, or Gold's liability from Default Resolution Network Division's liability.  Accordingly, plaintiffs' claims against Alonzo and Gold should be dismissed with prejudice.

---

[2] In recommending the dismissal of plaintiffs' Amended Complaint, the undersigned noted that "plaintiffs' entire Amended Complaint [was] subject to dismissal on the grounds that plaintiffs [had] not differentiated among the thirteen named defendants in regards to those defendants' alleged conduct that gives rise to each defendant's purported liability in this case." (Order & Findings & Recommendations at 12, Aug. 16, 2011, Dkt. No. 46, adopted by Order, Oct. 7, 2011.)

3

1        Additionally, plaintiffs' motion seeking a default judgment against Alonzo and
2 Gold fails for the same reasons stated above.  Two central factors analyzed in reviewing a motion
3 for default judgment are "the merits of plaintiff's substantive claim" and "the sufficiency of the
4 complaint."  See Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Here, plaintiffs'
5 substantive claims lack merit, and the complaint is not sufficient to state claims against Alonzo
6 and Gold.  Accordingly, plaintiffs' motion for default judgment should be denied.

7        The undersigned also recommends that plaintiffs' motion for default judgment be
8 denied insofar as it is directed to Olympus, and that Olympus be dismissed from this case.  First,
9 plaintiffs never obtained a clerk's entry of default as to Olympus, and a clerk's entry of default is
10 a predicate step to moving for default judgment.  Federal Rule of Civil Procedure 55 requires a
11 "two-step process" consisting of: (1) seeking a clerk's entry of default, and (2) filing a motion for
12 the entry of default judgment.  See Eitel, 782 F.2d at 1471 ("Eitel apparently fails to understand
13 the two-step process required by Rule 55."); accord Symantec Corp. v. Global Impact, Inc., 559
14 F.3d 922, 923 (9th Cir. 2009) (noting that Rules 55(a) and (b) provide a two-step process for
15 obtaining a default judgment).  Plaintiffs' failure to obtain a clerk's entry of default is
16 procedurally fatal to plaintiffs' motion for default judgment.

17        Second, plaintiffs failed to serve Olympus with process, which renders plaintiffs'
18 motion for default judgment defective.  In analyzing a motion for default judgment, a court must
19 first "assess the adequacy of the service of process on the party against whom default judgment is
20 requested."  Bricklayers & Allied Craftworkers Local Union No. 3 v. Palomino, No. C-09-
21 01589-CW (DMR), 2010 WL 2219595, at *2 (N.D. Cal. June 2, 2010) (unpublished); accord BR
22 N. 223, LLC v. Glieberman, No. 1:10-cv-02153 LJO-BAM, 2012 WL 639500, at *3 (E.D. Cal.
23 Feb. 27, 2012) (unpublished) ("As a general rule, . . . the Court considers the adequacy of service
24 of process before evaluating the merits of Plaintiff's Motion for Default Judgment.").  Where the
25 party seeking a default judgment has not shown that the defendant has been provided with
26 adequate notice of an action, "it is inappropriate to conclude that the defendant 'has failed to

4

plead or otherwise defend'" under Federal Rule of Civil Procedure 55(a). Palomino, 2010 WL 2219595, at *3 (citing Downing v. Wanchek, No. CIV S-07-1599 JAM EFB, 2009 WL 256502, at *3 (E.D. Cal. Jan. 30, 2009) (unpublished) (quoting Federal Rule of Civil Procedure 55(a)), adopted by 2009 WL 1211658 (E.D. Cal. Apr. 29, 2009) (unpublished)); cf., Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986) ("A failure to make a timely answer *to a properly served complaint* will justify the entry of a default judgment" (emphasis added).).[3] Here, plaintiffs have not served Olympus with process and, therefore, the entry of a clerk's default or a default judgment as to Olympus would be improper.

Finally, plaintiffs alleged in their Amended Complaint that they are unable to find an agent for service of process for Olympus and believe Olympus is a defunct organization. Thus, it does not appear that plaintiffs could serve Olympus with process if given the chance to attempt such service. Moreover, nothing in the record suggests that plaintiffs made any effort to serve Olympus between November 10, 2010, the date plaintiffs filed their Amended Complaint, and the present. Accordingly, the undersigned finds no reason to leave this case open to permit attempted service on Olympus when plaintiffs have not attempted to serve Olympus in approximately 21 months.

III. CONCLUSION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for default judgment (Dkt. No. 52) be denied.

2. Defendants Stephanie Alonzo, Natalie Gold, and Olympus Mortgage

---

[3] In a slightly different context, court have routinely found that defective service of process was an adequate ground for setting aside a clerk's entry of default. See Mason v. Genisco Tech. Corp., 960 F.2d 849, 851 (9th Cir. 1992) (holding that because service of process on a party in an earlier action against whom a default judgment was entered was not proper, the default judgment in the earlier action was void and had no preclusive effect in the present action); accord James v. Scribner, 415 Fed. Appx. 835, 836 (9th Cir. 2011); see also Banks v. ACS Educ., No. 10cv1886-BTM (CAB), 2011 WL 811601, at *1 (S.D. Cal. Mar. 2, 2011) (unpublished) ("Improper service of the complaint presents good cause to set aside entries of default."); Warren v. City of Grass Valley, No. 2:10-CV-1650-JAM-EFB, 2011 WL 596707, at 1-2 (E.D. Cal. Feb. 9, 2011) (unpublished) (setting aside entry of default on the basis of insufficient evidence of proper service of process).

5

1  Company be dismissed from this case with prejudice.

2          3.     The Clerk of Court be directed to close this case and vacate any remaining
3  dates.

4          These findings and recommendations are submitted to the United States District
5  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen
6  days after being served with these findings and recommendations, any party may file written
7  objections with the court and serve a copy on all parties.  Id.; see also E. Dist. Local Rule 304(b).
8  Such a document should be captioned "Objections to Magistrate Judge's Findings and
9  Recommendations."  Any response to the objections shall be filed with the court and served on
10 all parties within fourteen days after service of the objections.  E. Dist. Local Rule 304(d).
11 Failure to file objections within the specified time may waive the right to appeal the District
12 Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d
13 1153, 1156-57 (9th Cir. 1991).

14         IT IS SO RECOMMENDED.

15 DATED: July 9, 2012

17 _____
    KENDALL J. NEWMAN
18 UNITED STATES MAGISTRATE JUDGE